David Haworth, Esq.
Marcel Pratt, Esq.
Wendy Chiapaikeo, Esq.
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ 08054-0015
Tel.:  856.761.3400
Fax:  856.761.1020

*Attorneys for Plaintiff NextEra Energy Services New Jersey, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEXTERA ENERGY SERVICES NEW JERSEY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STRATEGIC FUNDING ALTERNATIVES LLC, SFA 50 MILLSTONE ROAD, LLC, SFA LLC a/k/a SFA LLC II, JEFFREY SCHNEIDER, JOHN CAIRO, ABC COMPANIES 1–10 (fictitious entities), and JOHN DOES 1–10 (fictious individuals), <br><br> Defendants. | Civil Action No.:  1:25-cv-13284 <br><br><br> **COMPLAINT** |

Plaintiff, NextEra Energy Services New Jersey, LLC ("NextEra Energy"), by and through its undersigned counsel, brings this action against Defendants, Strategic Funding Alternatives LLC ("Strategic Funding"), and SFA 50 Millstone Road, LLC ("SFA 50"), SFA LLC a/k/a SFA LLC II ("SFA"), Jeffrey Schneider ("Schneider"),

John Cairo ("Cairo"), ABC Companies 1–10, and John Does 1–10 (collectively, "Defendants"). In support hereof, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action seeking damages for Defendants' collective failure to remit timely payments to Plaintiff for energy and energy distribution costs. Plaintiff asserts claims against Strategic Funding, SFA 50, and SFA (together, the "SFA Defendants") for breach of contract, account stated, and unjust enrichment, in the alternative.  Plaintiff also asserts claims against Schneider and Cairo personally, to the extent SFA LLC a/k/a SFA LLC II is a non-existent entity (as it and they have claimed) and they executed contracts on behalf of that non-existent entity.

2.      Plaintiff is a leading retail supplier of renewable energy. It supplied electrical goods and services to various commercial facilities associated with each of the SFA Defendants' accounts with Plaintiff throughout the State of New Jersey.

3.      Through this action, Plaintiff seeks an award of damages that is at least equal to the amount owed to it for the energy services rendered to Defendants, plus the other contractual damages and attorneys' fees to which it is entitled.

## THE PARTIES

4.      Plaintiff NextEra Energy Services New Jersey, LLC is a Delaware limited liability company that maintains a registered address at 700 Universe Blvd.,

Juno Beach, FL 33408. NextEra Energy's members are not citizens of the State of New Jersey.

5.    Defendant Strategic Funding Alternatives LLC ("Strategic Funding") is a limited liability company that maintains a registered business address at 312 W Route 38, Moorestown, NJ 08057. According to its website, Strategic Funding is "a privately held real estate equity and investment company based out of Moorestown, New Jersey." *See* Strategic Funding, "About Us," located at https://www.sfalts.com/testimonials-1. Upon information and belief, Strategic Funding's sole member is Jeffrey Schneider who, upon information and belief, is a citizen of the State of New Jersey.

6.    Defendant SFA 50 Millstone Road, LLC ("SFA 50") is a limited liability company that maintains a registered business address at 312 W Route 38, Moorestown, NJ 08057. Upon information and belief, SFA 50's sole member is Jeffrey Schneider.

7.    Upon information and belief, Defendant SFA LLC a/k/a SFA LLC II ("SFA") is a limited liability company that maintains a business address of 312 W Route 38, Moorestown, NJ 08057. Upon information and belief, SFA's sole member is Jeffrey Schneider.

8.    Defendant Jeffrey Schneider is an individual and upon information and belief, the managing partner and sole member of Strategic Funding, SFA 50 and

3

SFA (collectively the "SFA Defendants"). Upon information and belief, Schneider is a citizen of the State of New Jersey.

9.     Defendant John Cairo is an individual and, upon information and belief, the Executive Director of the SFA Defendants. Upon information and belief, Cairo is a citizen of the Commonwealth of Pennsylvania.

10.    ABC Companies 1–10 are fictitious names for any entities that participated in the foregoing allegations and whose identities are presently unknown to Plaintiff.

11.    John Does 1–10 are fictious names for any persons who participated in the foregoing allegations and whose identifies are presently unknown to Plaintiff.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Plaintiff, on the one hand, and Defendants on the other hand are citizens of different states.

13.    This Court has personal jurisdiction over the SFA Defendants because they are limited liability companies with a sole member who is a citizen of the State of New Jersey and, as such each of the SFA Defendants is a New Jersey resident for jurisdictional purposes.

14. This Court has personal jurisdiction over Schneider because he is domiciled in the State of New Jersey and he has purposely availed himself of the privilege of conducting business within the State of New Jersey and has invoked the benefits and protection of New Jersey law.

15. This Court has personal jurisdiction over Cairo because he has purposely availed himself of the privilege of conducting business within the State of New Jersey and has invoked the benefits and protection of New Jersey law.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District. In particular, venue is appropriate in the Camden vicinage because the majority of the Defendants' properties to which Plaintiff supplied its electrical goods and services to and has not been paid for are located in southern New Jersey.

## FACTS

17. Plaintiff is in the business of supplying affordable electricity services to residential and commercial customers in energy markets.

18. The SFA Defendants own and/or operate various commercial facilities that received energy supplied by Plaintiff.

### I.    Plaintiff's Contract with Defendants

19.    Between 2019 and 2021, Plaintiff and each of SFA, SFA 50, and Strategic Funding entered into separate contracts each referred to as a Business Electricity Authorization, with Electric Sales Terms of Service (together the "Contracts").

20.    Additionally, and in the alternative, if any or all of the SFA Defendants were not properly formed, incorporated or capitalized, then Schneider and Cairo, who signed contracts and/or contractual amendments ostensibly on behalf of those entities are also personally liable as the contractual counterparty for the Contracts described herein.

21.    Pursuant to the Contracts, Plaintiff agreed to supply electricity, and each SFA Defendant agreed to pay for that electricity, along with charges for electricity components.

22.    The Contracts were in full force and effect during all relevant times herein.

23.    The Contracts provide that the SFA Defendants consented to monthly billing for services provided by Plaintiff through one of two billing options: (1) the "Consolidated Billing Option"; or (2) the "Dual Billing Option."

24.    Under the Consolidated Billing Option, each SFA Defendant would receive an invoice from the Electric Distribution Company ("EDC"), defined as the

public utility company providing the transmission and distribution of electricity, that included Plaintiff's electricity charges, the EDC's delivery charges, and applicable taxes, and remit payment directly to the EDC.

25. Under the Dual Billing Option, each SFA Defendant would receive two invoices—one from Plaintiff for its electricity charges and one from the EDC for its delivery charges, each with applicable taxes. The Contracts provide that payment to Plaintiff for electricity charges under the Dual Billing Option is due on or before 16 days after the billing date on the invoice, or the postmark date on the envelope, whichever is later.

26. The Contracts further provide that the failure to remit timely payment under the Consolidated Billing Option or the Dual Billing Option may result in a late fee of 1.5% per month, or the maximum rate permitted by law, whichever is lower, assessed on the invoices that are not paid when due.

## II. The SFA Defendants Breached Their Contracts with Plaintiff

27. Defendants Cairo or Schneider executed the Contracts with Plaintiff on behalf of the SFA Defendants.

28. On June 29, 2020, Cairo executed the Contract on behalf of Strategic Funding.

29. On June 29, 2020, Cairo executed the Contract on behalf of SFA 50.

30.    On November 5, 2019, Schneider executed the Contract on behalf of SFA.

31.    Plaintiff supplied electricity to the SFA Defendants pursuant to the parties' Contracts.

32.    Pursuant to the Contracts, Plaintiff initially billed each SFA Defendant under the Consolidated Billing Option through Jersey Central Power & Light ("JCP&L").

33.    During the term of the Contracts, each SFA Defendant was switched to the Dual Billing Option, and thus each SFA Defendant received separate bills from Plaintiff and its EDC.

34.    Each SFA Defendant failed to remit payment to Plaintiff.

35.    The principal balance owed by SFA for electricity charges is $408,485.69.

36.    The principal balance owed by Strategic Funding for electricity charges is $644,290.24.

37.    The principal balance owed by SFA 50 for electricity charges is $234,934.11.

### III.    Defendants Schneider and Cairo Suggest That They Executed the Contracts on Behalf of SFA, a Non-Existing Entity

38.    On November 5, 2019, Defendant Schneider executed the Contract on behalf of SFA (i.e., SFA LLC a/k/a SFA LLC II).

39.    On January 15, 2021, Defendant Cairo executed a renewal of the Contract on behalf of SFA LLC II.

40.    Plaintiff supplied goods and services pursuant to that Contract with SFA.

41.    Prior to initiating the instant action, Plaintiff, through its attorneys, attempted to settle its accounts with the SFA Defendants, through Schneider and Cairo. In the course of these dealings, Defendants Schneider and Cairo claimed that SFA is a non-existent entity. If their claim is accurate, Schneider and Cairo are individually liable for contracts they signed under that nonexistent corporate name because, among other reasons, they held themselves out as agents of a fictitious principal and purported to execute contractual agreements on its behalf.

## COUNT I - BREACH OF CONTRACT
## (AGAINST STRATEGIC FUNDING, SFA 50, SFA, AND ABC COMPANIES 1-10)

42.    Plaintiff reasserts and incorporates by reference each allegation above as if fully set forth herein.

43.    Plaintiff entered into separate, but identical, contracts with Strategic Funding, SFA 50, and SFA (or with Schneider and/or Cairo to the extent SFA is a fictitious entity).

44.    The Contracts are valid and enforceable.

45.    Plaintiff performed all contractual duties owed under the Contracts.

46.    Plaintiff issued invoices to each SFA Defendant associated with their electric usage pursuant to the parties' Contracts, and each SFA Defendant failed to remit full payment for the invoices and charges.

47.    Despite Plaintiff's demands for payment and extensive conferral with the SFA Defendants through their employees and representatives, each SFA Defendant has failed to fully discharge its obligations to pay Plaintiff all the amounts due and owing.

48.    The SFA Defendants' failures to pay Plaintiff when the invoices were due constitute material breaches of the Contracts.

49.    As a direct and proximate result of each SFA Defendants' breaches, Plaintiff has been damaged, in an amount to be proven at trial. Pursuant to the rights conferred by each of those sets of Contracts, Plaintiff is entitled to collect the principal owed, plus costs and attorneys' fees.

50.    The principal balance owed by SFA (and/or by Schneider and Cairo personally if SFA is a fictitious entity) is $408,485.69.

51.    The principal balance owed by Strategic Funding is $644,290.24.

52.    The principal balance owed by SFA 50 is $234,934.11.

**WHEREFORE**, Plaintiff requests judgment be entered against Strategic Funding Alternatives in the amount of $644,290.24, plus pre- and post-judgment interest; judgment be entered against SFA 50 in the amount of $234,934.11, plus

pre- and post-judgment interest; judgment be entered against SFA in the amount of $408,485.69, plus pre- and post-judgment interest; compensatory damages, costs, attorneys' fees, and such other relief as the Court deems just and proper.

**COUNT II - ACCOUNT STATED**
**(AGAINST STRATEGIC FUNDING, SFA 50, SFA,**
**AND ABC COMPANIES 1-10)**

53. Plaintiff reasserts and incorporates by reference each allegation above as if fully set forth herein.

54. The Contracts are valid and enforceable contracts.

55. Pursuant to the Contracts, each Defendant agreed to pay Plaintiff for the delivery of energy services.

56. Plaintiff issued monthly bills to each Defendant for all contractual amounts for which it was responsible.

57. Defendants did not remit payment to Plaintiff for the services received.

58. Based on an account stated, Plaintiff is entitled to an amount to be determined at trial, but no less than $408,485.69 from SFA, Schneider and Cairo, $644,290.24 from Strategic Funding, and $234,934.11 from SFA 50.

**WHEREFORE**, Plaintiff requests judgment be entered against the SFA Defendants, Schneider and Cairo in an amount to be determined at trial, pre- and post-judgment interest, costs, attorneys' fees, and such other relief as the Court deems just and proper.

11

Case 1:25-cv-13284-ESK-EAP    Document 1    Filed 07/14/25    Page 12 of 15 PageID: 12

## COUNT III - UNJUST ENRICHMENT
## (AGAINST STRATEGIC FUNDING, SFA 50, SFA, AND ABC COMPANIES 1-10)
### (In the Alternative)

59.    Plaintiff reasserts and incorporates by reference each allegation above as if fully set forth herein.

60.    Plaintiff supplied valuable energy services to each SFA Defendant or the Schneider and Cairo to the extent any entity on whose behalf they signed contracts is fictitious.

61.    Each Defendant accepted those services.

62.    Plaintiff did not supply electrical services to the Defendants gratuitously; it did so with the reasonable expectation of timely compensation from or on behalf of Defendants.

63.    Plaintiff has not received fair and adequate payment from the Defendants for those services.

64.    The Defendants have benefited from their unlawful acts in failing to remit timely payment for the electrical services, which has caused Plaintiff to suffer injury and monetary loss.

65.    The Defendants therefore have been unjustly enriched, and equity and good conscience require them to disgorge to Plaintiff all such unjust enrichment in an amount to be determined at trial.

12

**WHEREFORE**, Plaintiff requests judgment be entered against the Defendants in an amount to be determined at trial, pre- and post-judgment interest, costs, attorneys' fees, and such other relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
## (AGAINST JEFFREY SCHNEIDER, JOHN CAIRO, AND JOHN DOES 1-10)
## (In the Alternative)

66.    Plaintiff reasserts and incorporates by reference each allegation above as if fully set forth herein.

67.    Plaintiff entered into separate, but identical, contracts with Strategic Funding, SFA 50, and SFA.

68.    Defendant Schneider and/or Cairo signed the Contracts on behalf of the SFA Defendants.

69.    Upon information and belief, SFA (i.e., SFA LLC a/k/a SFA LLC II) is not an existing legal entity, but rather it is a sham entity or fictitious name created by Schneider and Cairo to induce Plaintiff to enter into a contract and supply goods and services for which payment would not be made.

70.    The Contract between SFA and Plaintiff is valid and enforceable against Schneider and Cario.

71.    Schneider and Cairo are personally liable for the breach of contract by SFA's failure to pay Plaintiff.

72.    Plaintiff performed all contractual duties owed under the Contract.

13

73.    Plaintiff issued invoices to SFA for its electric usage pursuant to the parties' Contract, and SFA failed to remit full payment for the invoices and charges.

74.    Despite Plaintiff's demands for payment and extensive conferral with Schneider and Cairo, they have failed to fully discharge their obligations to pay Plaintiff all of the amounts due and owing.

75.    The principal balance owed by SFA and therefore Schneider and Cairo is $408,485.69.

76.    As a direct and proximate result of Schneider and Cairo's breaches, Plaintiff has been damaged, in an amount to be proven at trial. Pursuant to the rights conferred by each of those sets of Contracts, Plaintiff is entitled to collect the principal owed, plus costs and attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment be entered against the Schneider and Cairo in an amount to be determined at trial that is no less than $408,485.69, which represents the balance due by SFA, pre- and post-judgment interest, costs, attorneys' fees, and such other relief as the Court deems just and proper.

Dated: July 14, 2025

*s/ David A. Haworth*

David Haworth, Esq.
Marcel Pratt, Esq.
Wendy Chiapaikeo, Esq.
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ 08054-0015
Tel.:  856.761.3400
Fax:  856.761.1020
haworthd@ballardspahr.com
prattm@ballardspahr.com
chiapaikeow@ballardspahr.com

*Attorneys for Plaintiff, NextEra Energy
Services New Jersey, LLC*

15