UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEXTERA ENERGY SERVICES NEW JERSEY, LLC

Plaintiff(s),

v.

STRATEGIC FUNDING ALTERNATIVES LLC et al.

Defendant(s).

Civil No. 25-cv-13284-ESK-EAP

DISCLOSURE STATEMENT[1] PURSUANT TO FED. R. CIV. P. 7.1(a)(2)

| Party | Type | State(s) of Citizenship |
|---|---|---|
| NextEra Energy Services New Jersey, LLC | ☐ Individual[2]<br>☐ Corporation[3]<br>☐ Partnership[4]<br>☑ Limited Liability Company[5]<br>☐ Other | Florida |
|  | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company<br>☐ Other |  |
|  | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company<br>☐ Other |  |

In cases where one or more parties are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three parties. Additional sheets may be added as needed.

Plaintiff NextEra Energy Services New Jersey, LLC's sole member is NextEra Energy Services, LLC, whose sole member is NextEra Energy Services Holdings, LLC, whose sole member is ESI Energy, LLC, whose sole member is NextEra Energy Resources, LLC, whose sole member is NextEra Energy Capital Holdings, Inc., which is incorporated in the State of Florida and has its principal place of business at 700 Universe Blvd., Juno Beach, FL 33408. As such, each of the above entities is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11, I certify that the foregoing is true and correct.

*/s/ David A. Haworth*                                                              Date:   July 29, 2025

David A. Haworth, Esq.
Ballard Spahr LLP
700 East Gate Drive, Suite 330
Mt. Laurel, NJ 08054-0015
856.761.3400 / haworthd@ballardspahr.com

---

[1]  This statement shall be filed by each party.

[2]  28 U.S.C. § 1332(a)(1); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")). The natural person must be domiciled in the state and a citizen of that state. *See Gilbert v. David*, 235 U.S. 561 (1915); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015).

[3]  28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."); *Hertz Corp. v. Friend,* 559 U.S. 77 (2010); *S. Freedman & Co., v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "'[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business,'" and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business" (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982))). The parties are directed to list the state of incorporation and principal place of business of the corporation.

[4]  A partnership, as an unincorporated entity, takes on the citizenship of each of its partners. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted). The parties are directed to list each partner and its citizenship.

[5]  The citizenship of an LLC is determined by the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The parties are directed to list each member and its citizenship. If any member is itself a partnership, limited liability company, or other unincorporated association, its partners or members and their citizenship must be set forth separately. *See Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("And as with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.")