# Ballard Spahr
LLP

----------------

700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
TEL 856.761.3400
FAX 856.761.1020
www.ballardspahr.com

David A. Haworth
Tel: 856.873.5525
Fax: 856.761.1020
haworthd@ballardspahr.com

March 3, 2026

*Via ECF*

Hon. Elizabeth A. Pascal, U.S.M.J.
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

Re:     NextEra Energy Services New Jersey LLC v. Strategic Funding Alternatives, LLC <u>et al.,</u>
<u>Civ. Action No. 1:25-cv-13284</u>

Dear Judge Pascal:

This firm is counsel to Plaintiff NextEra Energy Services New Jersey LLC ("Plaintiff") in the above-captioned matter. The parties jointly submit this letter to advise the Court of the status of discovery.

## I.      JCP&L Discovery Requests

### a.  Defendants' Position

By way of background, counsel to Defendants wrote to counsel for JCP&L by letter dated January 14, 2026 requesting additional information beyond what was requested in Plaintiff's Subpoena. Plaintiff objected to the letter to JCP&L by letter dated February 11, 2026 and maintains that some of the requests are duplicative of the Subpoena and/or not relevant.  On February 26, 2026, the parties met and conferred pursuant to the Court's February 17, 2026 Order (ECF No. 54).  Without waiving its rights under the January 14, 2026 letter Defendants are considering whether they can redraft some of their requests to JCP&L.  Defendants advised that they will provide those draft requests for NextEra's review prior to service of their subpoena on JCP&L.  If the parties are able to come to an agreement on the Subpoena then Defendants will consider resolving those issues by issuance of a subpoena to JCP&L and releasing JCP&L from the need to respond to the January 14, 2026 letter demands.

### b.  Plaintiff's Position

Plaintiff does not recall the outcome of the February 26, 2026 conferral precisely as Defendants described above. Plaintiff explained the basis for each of its objections and concerns about Defendants' informal discovery requests to JCP&L (including, but not limited to, duplication of

Hon. Elizabeth A. Pascal, U.S.M.J.
March 3, 2026
Page 2

previous subpoena requests and/or documents previously produced by JCP&L; overbreadth; vagueness; lack of relevance to claims in the case; etc.). A copy of Defendants' letter, dated January 14, 2026, containing discovery requests to JCP&L is attached as "Exhibit 1." A copy of Plaintiff's February 11, 2026 responses and objections to Defendants' January 14, 2026 letter is attached as "Exhibit 2."

Additionally, Plaintiff stressed that some of the requests and interrogatory-like questions that were posed by Defendants to JCP&L are not proper for discovery in this case. As customers of JCP&L, Defendants are free to make any inquiries about their accounts outside of this litigation. For example, if Defendants seek to inquire about billing disputes they had with JCP&L over the years or the status of their JCP&L accounts, they are free to explore these issues with JCP&L separate from this action. We note that to date Defendants themselves have not produced any documents related to such issues.

## II.    **Pre-Mediation Discovery**

### a.  **Defendants' Position**

Pursuant to the Court's Order (ECF No. 54), Defendants have made numerous productions of documents including several productions the week of Feb. 28, 2026 and another production of several hundred pages of documents on Monday March 2, 2026.  Defendants have produced over 3,700 pages of documents and believe that production resolves all of NextEra's pre-mediation discovery requests except for NextEra's demand for a "payment ledger."  The ledger was also discussed during the "meet and confer" but the parties did not come to an agreement.  Defendants dispute the relevancy and raise both privacy and confidentiality concerns regarding the ledger request particularly in light of the fact that they engaged in a time consuming effort to locate payments on the NextEra and Utility Company's disputed invoices, and provide proof of payment. If the parties are unable to resolve that dispute the Defendants request that the Court conduct a conference.  Defendants reserve the right to submit a brief letter to the Court to further explain their position.

### b.  **Plaintiff's Position**[1]

Since the commencement of this action, Plaintiff has been requesting general ledgers from Defendants for their utility accounts that reflect invoices received and payments made. At our meet and confer on January 16, 2026, Defendants' counsel represented that there were no ledgers that summarized Defendants' position on what invoices were paid and what invoices remain unpaid. At the recent meet and confer, Plaintiff's counsel again stressed its position that general ledgers must exist because some of the invoices recently produced by Defendants contain markings that suggest they were entered into some sort of accounting system. We agree that the parties did not

---

[1] Although this section is titled "Pre-mediation Discovery" by Defendants, Plaintiff understands that the parties have moved past pre-mediation discovery and are pursuing formal discovery.

Hon. Elizabeth A. Pascal, U.S.M.J.
March 3, 2026
Page 3

come to an agreement concerning the ledgers because there still has been no admission that the ledgers exist in the first place. Nor was there a discussion regarding the privacy or confidentiality of any such ledgers or that efforts by Defendants to produce check payments or copies of NextEra's own invoices were sufficient or time-consuming.

Further, Plaintiff does not understand any privacy or confidentiality concerns because there is a Discovery Confidentiality Order in place, and Plaintiff is only requesting portions of the ledgers that relate to Defendants' electricity bills. We do note that it appears that some form of a ledger was produced by Defendants in their production yesterday, March 2, 2026. We will endeavor to review the newly produced documents and confer further with Defendants' counsel about the availability of information relating to this billing dispute, including other ledgers.

III.    **Written Discovery**

a. **Defendants' Position**

The parties previously met and conferred about Defendant's January 5, 2026 pre-mediation requests and also discussed them briefly with Judge Dickson in a conference call. NextEra objected to those requests by letter dated January 23, 2026. Defendants request a conference with the Court as to items 1 through 4 on their January 5, 2026 letter which Plaintiffs have not provided.

In addition to serving thousands of pages of documents, Defendants served their initial interrogatories and initial document requests on February 28, 2026. Plaintiff is in the process of serving their initial discovery requests which are due today.

b. **Plaintiff's Position**

Plaintiff's position is that pre-mediation discovery has concluded, and the parties have moved onto formal discovery. Defendants served their formal discovery requests on February 27, 2026. Plaintiff will respond to those requests within the applicable time provided under the Rules. Plaintiff does not see a need for a status conference on pre-mediation discovery issues as there are no present discovery disputes that are germane for the Court's attention. However, we note that many of Defendants' requests were beyond the scope of permissible discovery, even if Defendants had counterclaims on record.[2] A copy of Defendant's pre-mediation discovery requests, dated January 5, 2026, is attached as "Exhibit 3." A copy of Plaintiff's January 23, 2026 responses and objections to Defendants' January 5, 2026 discovery requests is attached as "Exhibit 4." Plaintiff will serve its formal discovery requests on Defendants today.

---

[2] The Court struck Defendants' standalone Counterclaims on February 23, 2026 (ECF No. 56).

Hon. Elizabeth A. Pascal, U.S.M.J.
March 3, 2026
Page 4


Respectfully submitted,

*s/ David Haworth*
*s/ Wendy Chiapaikeo*

David A. Haworth
Wendy Chiapaikeo

cc: All counsel of record (via ECF)