# EXHIBIT 2

# Ballard Spahr
### LLP

700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
TEL 856.761.3400
FAX 856.761.1020
www.ballardspahr.com

David A. Haworth
Tel: 856.873.5525
Fax: 856.761.1020
haworthd@ballardspahr.com

February 11, 2026

*Via Email (vcieslik@capehart.com)*

Vincent T. Cieslik
Capehart & Scatchard, P.A.
8000 Midlantic Drive, Ste. 300S
Mount Laurel, NJ 08054

Re:    *NextEra Energy Services New Jersey LLC v. Strategic Funding Alternatives, LLC et al.*, Civ. Action No. 1:25-cv-13284

Dear Vince:

We write in response to your January 14, 2026 letter, on behalf of Defendants, directed to JCP&L. Your letter contains informal requests for documents and a series of interrogatory-like questions to JCP&L, all of which are procedurally improper and beyond the scope of what we agreed was necessary for pre-mediation discovery. For the reasons detailed below, we object to Defendants' discovery requests directed to JCP&L.

At the outset, we point out the obvious that JCP&L is not a party to this action. Interrogatories and document requests **may not** be served on non-parties. *See, e.g.*, *SEC v. Desai*, 672 Fed. Appx. 201, 206 (3d Cir. 2016) ("Rule 33 of the Federal Rules of Civil Procedure only provides for sending interrogatories to another *party* in the lawsuit.") (emphasis in original); *Prall v. Bocchini, 2013 WL 12333832*, at *2 (D.N.J., 2013) ("[A]ny requests for discovery from non-parties shall be made pursuant to Federal Rule of Civil Procedure 45."). For this reason alone, Defendants' informal discovery is improper and objectionable.

We note that at the initial scheduling conference before Magistrate Judge Pascal on November 12, 2025, the parties discussed the need for discovery from JCP&L and PSE&G based on Defendants' position that some or all of the charges due under the NextEra invoices were paid to JCP&L and PSE&G, making them—from Defendants' perspective—indispensable parties to this action. Defendants did not produce (and still have not produced) any information or documents to support this position, which prompted the need for the subpoenas. In order to facilitate an early mediation in this case, the parties agreed to limit the discovery requests directed to JCP&L and PSE&G to categories of documents discussed at the initial scheduling conference.

Vincent T. Cieslik
February 11, 2026
Page 2

On November 14, 2025, prior to initiating service of the Subpoenas, we provided you with copies of the Subpoenas we drafted for your review and input. You consented to the Subpoenas and did not provide any comments, edits, or seek to include any additional requests that we could have discussed at that time to talk through any objections. Two months later, Defendants unilaterally sent informal discovery requests to JCP&L that are far beyond the scope of the Subpoena we served. Defendants' after-the-fact attempt to obtain additional discovery from JCP&L—without a subpoena to which we could object under the Rules—are evidently related to Defendants' direct claims against JCP&L. They are improper and will unnecessarily delay any mediation of this case. That said, if you want to attempt to seek this additional discovery, the parties should return to litigation.

Setting aside the procedural defect, several of Defendants' discovery requests are also substantively objectionable on multiple, independent grounds, which we discuss below.

Request no. 1. seeks "[a]ll payments made by JCP&L to NextEra" and whether "JCP&L receive[d] any notice from NextEra of the switch to dual billing," including all related documents and communications. First, JCP&L has already produced notices of the switch from consolidated billing to separate billing. Second, under the expressed terms of the NextEra contracts with Defendants, "Customer [i.e. Defendants] consents to be billed monthly for services provided hereunder through one of the following billing options, as permitted by law, *at NextEra Energy Services' discretion . . . .*" BEA, ¶ 7. Accordingly, this Request is not relevant to any claim or defense. Moreover, Defendants have not provided any proof of payments to NextEra or JCP&L for NextEra's invoices in the first place, so it's incomprehensible that any payments could have been withheld by JCP&L from NextEra.

Request no. 2 seeks, in sum, "[a]ny contract between JCP&L and NextEra" related to billing and "[a]ll payments made by JCP&L to NextEra during the time frame outlined in the Subpoena, regardless of whether they were made during the consolidated billing option or dual billing option." The contracts between NextEra and Defendants contain the controlling terms. JCP&L is not a party to this action. Therefore, any contractual arrangements between JCP&L and NextEra are neither relevant nor proportional to the parties' legitimate discovery needs in the case. Moreover, the request for all payment made by JCP&L to NextEra is overly broad. As we have stated before, NextEra seeks only payment on invoices issued while Defendants received dual bills from NextEra until the termination of NextEra's services.

With respect to Requests nos. 3 and 4, the information sought has no relationship to this litigation. Defendants should request this information from JCP&L directly, separate from this action. Moreover, JCP&L has already produced documents demonstrating that the accounts were not in good standing. To date, have not been provided with a single document from Defendants concerning a billing dispute that developed between Defendants and JCP&L that was later resolved or any confusion over the names of the customers on the accounts.

Vincent T. Cieslik
February 11, 2026
Page 3

Request no. 5 improperly seeks to have JCP&L, a third party, verify NextEra's damages. The Aging Report we provided to you on multiple occasions provides a breakdown of the open invoices owed by each SFA entity. The damages alleged in the Complaint for each SFA entity is the total of those open invoices. We have also provided you with NextEra's invoices.

JCP&L has already produced the account statements, which are sought in Request No. 6, in response to the Subpoena served by NextEra. The names of the account holders are listed on the statements. Your request for "documentation showing how the contracts were set up at JCP&L and who arranged for the accounts to be formed in such a fashion" is impermissibly overbroad. This is a dispute between NextEra and Defendants. The request for any contract between NextEra and JCP&L is not within the scope of this case. Furthermore, your request for the party that made payments to JCP&L is information that is reasonably within your clients' possession, custody, and control. Whatever issues Defendnats have with JCP&L are not within the proper for discovery in this case, particularly in the pre-mediation context.

The information sought by Request no. 7 is immaterial to this breach of contract dispute. Moreover, this is not a proper request for pre-mediation discovery.

JCP&L has already produced documents that address the information sought in your Request no. 8. The arrears reports conclusively establish that Defendants were delinquent in payment leading up to the change in billing from consolidated to dual bills and thereafter. JCP&L's production also includes notices to Defendants advising of the switch to dual billing and noting that payment for NextEra's charges must be made to NextEra directly. This request has been addressed and any further response imposes an undue burden on JCP&L. As a non-party, JCP&L is afforded greater protection from discovery than that provided to a normal party. *See Chazanow v. Sussex Bank*, 2014 WL 2965697, at *2 (D.N.J. 2014). As noted above, Defendants have not provided any proof of payments to NextEra or JCP&L for NextEra's invoices in the first place, so it's incomprehensible that such payments could have been withheld by JCP&L from NextEra.

We have previously notified JCP&L that we object to Defendants' information discovery requests. If Defendants cannot mediate this case without a further dispute regarding non-party discovery, then we suggest that these issues be addressed with the Court once litigation resumes.

Sincerely,

*s/ David Haworth*

David A. Haworth

Vincent T. Cieslik
February 11, 2026
Page 4

cc:      William Lesser (*via email to WLesser@cozen.com*)