# EXHIBIT 3

# CAPEHART SCATCHARD
### ATTORNEYS AT LAW

Vincent T. Cieslik
856.813.4144
vcieslik@capehart.com
Fax: 856.235.2786

January 5, 2026

David A. Haworth, Esq. (HaworthD@ballardspahr.com)
Wendy Chiapaikeo, Esq. (chiapaikeow@ballardspahr.com)

> **Re:    NextEra Energy Services New Jersey LLC v. Strategic Funding Alternatives, LLC; SFA 50 Millstone Road, LLC; SFA LLC; Jeffrey Schneider and John Cairo**
> **Docket No. 1:25-cv-13284**
> **Our File No. 99932-73727**

Dear Counsel:

On behalf of Defendants, Strategic Funding Alternatives, LLC, SFA 50 Millstone Road, LLC, Jeffrey Schneider and John Cairo, I am providing this letter in response to your requests for mediation discovery. This is a settlement protected communication provided to you under Rule 408 and with the condition that nothing in this letter may be disclosed by you without the consent of my office and my clients.

Our efforts are ongoing but this letter serves to update you on our progress in responding to your requests. We also write to raise issues we have raised since the beginning of the litigation, which you have not yet answered nor responded to with documentation or evidence.

Your Request No. 1: We provided this to you previously. If you review the Affidavit we filed in support of our initial Motion to Dismiss, it outlined the properties and the entities that owned them. If you want us to send you that affidavit again and call out the specific paragraphs but you have had this information since our initial motion to dismiss. We outlined for you the non-named indispensable parties, provided you with the property addresses and the names of the limited liability companies who owned and operated those properties. We also offer the observation that your client would ask for and require this information shows the lack of their due diligence prior to signing the Contracts.

Your Request no. 2: This request asks us to provide an audit like accounting of all energy services with invoicing, payment and other information. The type of audit you request is the one that NextEra should have conducted prior to filing suit. I am not aware of any such document in my client's possession but we are prepared to share with you copies of the bills, and proof of our payment of the bills. That documentation will follow under separate letter.

Your request No. 3. Your request seeks an "accounting" of all bills, payments and charges. Again, I am not aware of any such "accounting" document – rather – I am told the bills were reviewed, payments were made and we are prepared to show proof of payment. We will provide the bills and proof of payment of them under separate cover.

Your Request no. 4. This is duplicative and we have addressed it above.

Your Request no. 5 is duplicative.

**Capehart & Scatchard, P.A.**    **8000 Midlantic Drive, Ste. 300S    P.O. Box 5016    Mount Laurel, New Jersey 08054-5016**
**856.234.6800    Main Fax 856.235.2786    WC Fax 856.439.3168    www.capehart.com**

January 5, 2026
Page 2

Request No. 6.  We will confer with our client and see if we are willing to engage in a mutual exchange of information as part of the mediation.  We would not agree to a bi-lateral arrangement and to date, we note that have not received any information from NextEra to substantiate their claims and damages.

Here are our requests, which we have made in several forms and which have not been supplied. Therefore we state them again for purposes of the record.

1.      Your clients due diligence and entire file prior to the Contract, during the Contract and up to the dates they allege the contract was terminated.  We have repeatedly asked for information showing who NextEra thought it was contracting with?  Whom did it negotiate with, agree to terms, and evaluate from a credit and ownership perspective?  Where are its files related to the pre-Contract period which shows what information it requested, obtained and/or considered prior to signing the contracts?

2.      Damages.  We are still at a loss as to how NextEra calculated its damages?  You provided a ledger with numbers but without any demonstration as to how that was prepared and without substantiation of the alleged damages.

3.      Consolidated versus dual billing.  Your client's position has vacillated and continues to vacillate.  Your client fails or refuses to affirmatively state whether they are seeking damages for unpaid dual bills or unpaid consolidated bills?  Your opposition to our Motion to Dismiss in response to the "indispensable parties" effectively admits that your client did nothing to substantiate the lack of payments with PSE&G or JCP&L.  Now, prior to mediation, your client wishes to have us provide documents which:

    a.      If your client's contention is that consolidated bills were not paid by my clients, then state what that is based upon?

    What bills were not paid by my clients which resulted in your client's claimed damages?

    We believe that all consolidated bills were paid and that there are no outstanding balances nor were the utilities shut off which provides us with a common sense confirmation that the bills were paid.

    b.      Dual billing.  Your client's contention appears to be that they declared a default. They ceased consolidated billing.  That my client's ceased to receive energy under your client's contracts. Your recent letters appear to argue that they can switch from consolidated billing to dual billing.  Nothing in the contracts supports that contention.

    However, if your client contends it started to dual bill and that my clients were no longer receiving energy under your client's programs, then what is the basis for the claimed damages?

    Further, if your clients were no longer providing energy then what "energy" was it "carrying" for my clients and what basis does it have for those charges?

January 5, 2026
Page 3

       If your clients were providing the energy then please provide us with that documentation and information.

       My clients can obtain energy from PSE&G and JCP&L without NextEra and obviously continue to do so until this day. If your client terminated the arrangement and agreement then what basis is there for dual billing as my client is simply receiving energy from these providers as it had prior to the Contracts?

    c.   Termination damages. As best we can tell, your client's claims are for what we will call "termination damages". They essentially seek an unsupported termination damage even though the contract does not provide for such damage.

    d.   Notice of Default under Dual Billing. If your client truly contends it is entitled to be paid for dual billing, then where is the notice of default, with each contract, for the dual bills not paid? Did they put my clients on notice as to what dual bills were not paid, the basis for the charges and assert they were not paid?

4.  Carrying charges. Your client appears to indicate that the contract permits them to charge for "carrying charges" and/or for the continued provision of energy after the alleged default. Please explain the basis for that theory of liability and damages with citation to the applicable section of the Contracts.

5.  Dual Exchange of Mediation. We are happy to consider a dual exchange of information by the parties. If your client is willing to do so, the parties would agree to a mutual exchange of information outlining their relative factual and legal positions and any evidence they want the mediator to consider.

       Please let me know if the above is sufficient. I plan on writing to Judge Pascal to update her. I am not sure why you would think that you have the right to "compel" mediation discovery from my clients under court order and the entire approach has me a bit confused as to what you are trying to accomplish, other than to run up costs in the case?

       Finally, I realize that we are attempting to finalize the schedule for mediation. Before we lock in a date, do we not need to know the timeline for when the energy companies will be responding to the Subpoenas that were issued?

       Sincerely,

       **CAPEHART & SCATCHARD, P.A.**

       *Vincent T. Cieslik*

       Vincent T. Cieslik

VTC/mmf
15475376