# EXHIBIT 4

# Ballard Spahr
### LLP

700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054-0015
TEL 856.761.3400
FAX 856.761.1020
www.ballardspahr.com

David A. Haworth
Tel: 856.873.5525
Fax: 856.761.1020
haworthd@ballardspahr.com

January 23, 2026

*Via Email*

Vincent T. Cieslik
Capehart Scatchard, P.A.
8000 Midlantic Drive, Ste. 300S
Mount Laurel, NJ 08054
vcieslik@capehart.com

Re:     *NextEra Energy Services New Jersey LLC v. Strategic Funding Alternatives, LLC et al.*, Civ. Action No. 1:25-cv-13284

Dear Vince:

We write on behalf of Plaintiff, NextEra Energy Services New Jersey LLC ("NextEra") in response to Defendants' January 5, 2026 discovery requests. NextEra's responses and objections are set forth below. Last year, we produced to you documents consisting of the contracts, the aging report of the delinquent accounts, demand letters, and various other information. We are making a supplemental production of documents in the Bates range Nextera00108 – Nextera01112. The documents are marked "Confidential" pursuant to the Discovery Confidentiality Order. They accessible at the below link.

https://ballardspahr.sharefile.com/f/fo316b84-abf9-4a21-8dfe-557f61702cfb

NextEra objects to Defendants' informal document request dated January 5, 2026 on multiple, independent grounds.

## 1.  Defendants' Request for NextEra's "Due Diligence and Entire File"

This request is irrelevant, impermissibly overbroad and objectionable. This request impermissibly seeks a sweeping production of NextEra's "entire file" spanning pre-contract diligence through years of the entire multi-year business relationship and eventually termination. It is appears to be aimed at probing the parties' intent and negotiations concerning contract formation, which is not relevant when there are signed contracts on which there was performance for years and there has been no showing that NextEra intended to contract

Vincent T. Cieslik
January 23, 2026
Page 2

differently to support any claim of mutual mistake. NextEra therefore objects on the grounds of overbreadth, lack of relevance, lack of proportionality, and burden. I also note that NextEra did not seek every business record of Defendants related to the entire multi-year relationship which is in effect what your request appears to seek.

NextEra further objects to the extent the request seeks electronically stored information that is not reasonably accessible due to the operation of routine retention protocols. Subject to these objections, NextEra is producing emails located upon a reasonable search between it and the broker hired by your client, Regional Resources Management, Inc. Other documents and communications between NextEra and Defendants' broker are unavailable as a result of NextEra's records retention policy. We are not clear what information your clients believe existed in the first place or why your clients cannot simply subpoena their own broker for whatever information that they believe they shared with their broker (although, again, that really has no relevance to the case in our view).

2. **NextEra's Damages**

NextEra has already provided Defendants with its aging report identifying the outstanding balances owed by each Defendant for each account. Each entry reflects the applicable billing period, the corresponding service charges, and the resulting amounts due. In addition, NextEra is producing the underlying detailed invoices issued to Defendants by NextEra that remain open and unpaid.

3. **"Consolidated versus dual billing"**

NextEra objects to Defendants' characterization in your January 5, 2026 letter that NextEra's position concerning the billing arrangement "has vacillated and continues to vacillate." To the contrary, NextEra has always maintained—and repeats again here to avoid any confusion—the unpaid invoices that are the subject of this action were issued **while the dual billing option was in effect**. *See, e.g.*, our email dated December 5, 2025 responding to your November 14, 2025 email. We also confirmed this to you on during our conferral on January 16, 2026.

Request no. 3 appears to contain multiple requests within it; however, it is unclear whether they are directed to NextEra or purport to summarize documents that NextEra seeks from Defendants. Specifically, you wrote "Now, prior to mediation, your client [i.e. NextEra] wishes to have us [i.e. Defendants] provide documents which . . . ." To the extent the various requests contained in paragraphs A through D in Request no. 3 are directed to NextEra, NextEra responds as follows:

   a. The NextEra invoices that remain outstanding are listed in the Aging Report that we have repeatedly provided to you. We disagree with your logic that the fact that

Vincent T. Cieslik
January 23, 2026
Page 3

the utilities were not shut off "provides us with a common sense confirmation that the bills were paid." Whether service was continued does not conclusively establish that the accounts were current, as you suggest. The amounts due and owing are documented in the invoices and billing records, not based on whether service continued. Further, as you have undoubtedly seen from JCP&L's subpoena responses, JCP&L declined to continue the consolidated billing arrangement because Defendants were 120 days or more past due on payment due—yet JCP&L continued servicing the electricity *delivery* portion of Defendants' electric service thereafter and left it to NextEra thereafter to invoice for supply charges. *See* JCPL001061, JCPL001077, JCPL001079, JCPL001083, JCPL001091

b. Your claim that the contracts do not support the contention that billing may be switched from consolidated to dual is flatly incorrect. To the contrary, the contracts expressly provide that the customer (i.e. Defendants) consent to be billed through one of two billing options (consolidated billing or dual billing) at NextEra's discretion. *See* Contracts, ¶ 7. BILLING AND FEES.

As pleaded in the Complaint, NextEra seeks damages for services supplied to Defendants for which it has not been paid. There is no claim that NextEra "started to dual bill" when your "clients were no longer receiving energy under [NextEra's] programs. This should not be overcomplicated, and we ask that you cease mischaracterizing the claims. NextEra supplied electricity to Defendants and issued invoices to Defendants for those services under the dual billing option. The invoices and aging report identify the dates of service provided to Defendants. *See* NextEra00021-00025, 00096-00107. NextEra continued to supply electricity to Defendants only up until the date of termination. At that point, NextEra ceased servicing Defendants. NextEra does not seek to recover for electricity that it did not provide. Once NextEra terminated its services, it did not issue any further invoices to Defendants.

c. Your description of NextEra's damages is inaccurate. NextEra's damages arise out of Defendants' non-payment for electricity provided by NextEra to Defendants under the parties' contracts. NextEra's damages are evidenced by the unpaid invoices and Aging Report. Moreover, the contracts expressly provide that "Customer [i.e. Defendants] shall pay the Early Termination Fee, or if greater than the Early Termination Fee, damages incurred by NextEra Energy Services as provided in this Agreement." *See* Contracts, ¶ 10. TERMINATION OF AGREEMENT BY NEXTERA ENERGY SERVICES.

d. We previously produced demand letters issued by NextEra to your clients. This firm also issued a demand letter to Defendants that identified the aggregate

Vincent T. Cieslik
January 23, 2026
Page 4

amounts owed. Further, the outstanding balances are identified on the NextEra invoices.

4. **"Carrying Charges"**

NextEra objects to Defendants' request for an explanation regarding purported "carrying charges" because neither the contracts, the aging report, nor the invoices reflect any separate charge or line item identified as "carrying charges." To the extent such a charge exists, please provide us with documentation identifying such, preferably with Bates number references so we can research the issue.

5. **"Dual Exchange of Mediation"**

It is unclear what you mean by a "Dual Exchange of Mediation," or the allegation that NextEra is attempting to "compel mediation discovery."   As you know, the parties mutually agreed to mediate this dispute at the initial court conference on November 12, 2025. The Court ordered that we proceed under a limited phase of discovery in order to facilitate an early mediation and directed that NextEra advise it if there were issues receiving the limited discovery it sought at the conference. The parties have an obligation to engage in a good faith exchange of discovery, and NextEra has operated with this understanding since it first commenced this action, and we provided you with documents that you represented you did not even have from your clients.

In closing, we note that your January 5, 2026 responses to our discovery requests confirm that Defendants did not maintain general ledgers, audits, or accounting records of bills received or payments made with respect to services provided by PSE&G, JCP&L, or NextEra for the relevant time period. Documentary evidence is crucial in this matter, particularly in light of Defendants' contention that the NextEra invoices were paid in full, albeit to the wrong party. To date, we have not received <u>any</u> documents from Defendants so discovery has been quite lopsided. During our conferral on January 16, you represented that you will begin to make a partial production starting the week of January 19, 2026. We look forward to receiving those documents as soon as possible.

Sincerely,

*s/ David Haworth*

David A. Haworth