[ECF No. 66]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| **NEXTERA ENERGY SERVICES NEW JERSEY, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STRATEGIC FUNDING ALTERNATIVES, LLC, et al.,**<br><br>**Defendants.** | **Civil No. 25-13284 (ESK/EAP)** |

## OPINION

This matter comes before the Court on Plaintiff NextEra Energy Services New Jersey, LLC's ("NextEra's" or "Plaintiff's") Motion for Leave to File an Amended Complaint, ECF No. 66 (Pl.'s Mot.). Defendants Strategic Funding Alternatives, LLC ("Strategic Funding"), SFA 50 Millstone Road, LLC, SFA LLC a/k/a SFA LLC II ("SFA LLC"), Jeffrey Schneider, and John Cairo (collectively, the "Defendants") oppose the motion. ECF No. 70 (Defs.' Opp.). Plaintiff timely submitted its reply. ECF No. 72 (Pl.'s Reply). The Court has reviewed the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

## I.    Factual Background[1]

This is a breach of contract case between Plaintiff, a renewable energy provider, and several Defendant entities that allegedly received energy from Plaintiff but did not pay for it. Proposed Am. Compl. ¶ 1. Plaintiff's Proposed Amended Complaint asserts claims against three categories

---

[1]  All facts are taken from Plaintiff's Proposed Amended Complaint. *See* ECF No. 67-1 ("Proposed Am. Compl.").

of defendants for this alleged nonpayment.  The first group includes three of the original defendants to this action: Strategic Funding; SFA 50 Millstone Road, LLC; and non-existent SFA LLC (collectively, the "Contracting Defendants").  *Id.* ¶ 32.  The second group includes the two remaining original defendants in this action: Mr. Jeffrey Schneider ("Mr. Schneider"), and Mr. John Cairo ("Mr. Cairo"), who executed contracts on the non-existent SFA LLC's behalf (collectively, the "Individual Defendants").  *Id.* ¶¶ 2, 33, 34.  The third group includes twelve proposed new defendants to this action, comprised of various other commercial entities "to the extent that these entities received and/or benefited from the electricity and related services provided by Plaintiff, and . . . are [the] parties responsible for payment of the unpaid invoices" (collectively, the "Non-Contracting Defendants").  *Id.* ¶¶ 3, 50-54, 64.[2]

According to the Proposed Amended Complaint, Plaintiff entered into contracts with the Contracting Defendants to supply energy to various commercial entities owned and/or operated by Defendants, and the Contracting Defendants failed to timely remit payment for these services.  *Id.* ¶¶ 32, 38, 56, 59.  Plaintiff alleges that the Individual Defendants are personally liable for this failure because they signed certain contracts at issue on behalf of a non-existent entity, SFA LLC. *Id.* ¶¶ 98, 99.  Plaintiff further alleges that the proposed Non-Contracting Defendants are liable as the ultimate recipients of the energy services, even though they did not formally enter into any contracts with Plaintiff.  *Id.* ¶¶ 51-54.

---

[2]   Plaintiff asserts claims against the following Non-Contracting Defendants: SFA 1950 Route 70 LLC; SFA Woodland Falls LLC a/k/a SFA Woodland Falls Corporate Center, LLC; SFA 401 Route 70 East, LLC a/k/a SFA 401/403 Route 70 East, LLC; SFA 900 North Kings Highway, LLC; SFA 5000 Dearborn Circle LLC; SFA 505 S. Lenola Road LLC; SFA 901 Lincoln Drive West LLC a/k/a SFA 901 Lincoln Drive; SFA 1101 N. Kings Highway, LLC; SFA 20 E. Clementon LLC; SFA East Gate Business Center, LLC; SFA 100 Grove Road, LLC; SFA 196 Grove Avenue LLC a/k/a SFA 196/204 Grove Avenue, LLC.  *Id.* ¶ 3.

Plaintiff asserts six claims: breach of contract against the Contracting Defendants, *see id.* ¶¶ 65-76 (Count I); account stated against the Contracting Defendants, *see id.* ¶¶ 77-82 (Count II); unjust enrichment against the Contracting Defendants, in the alternative, *see id.* ¶¶ 83-89 (Count III); breach of contract against the Individual Defendants, *see id.* ¶¶ 90-101 (Count IV); unjust enrichment against the Non-Contracting Defendants, *see id.* ¶¶ 102-108 (Count V); and quantum meruit against the Non-Contracting Defendants, *see id.* ¶¶ 109-114 (Count VI).

## II.   Procedural History

On July 14, 2025, Plaintiff filed suit.  ECF No. 1 (Compl.).  On September 18, 2025, Defendants filed a motion to dismiss, ECF No. 6, that the Court administratively terminated on September 21, 2025, for failure to comply with the Court's Rules and Preferences.  ECF No. 9 (Text Order).

Following a pre-motion conference before the Honorable Edward S. Kiel, U.S.D.J., the parties completed formal briefing on Defendants' renewed motion to dismiss.  ECF No. 20 (Ltr. Order); *see also* ECF No. 21 (Defs.' Mot.).  While the motion remained pending, the parties proceeded to discovery pursuant to the Court's Order.  ECF No. 16 (Oct. 9, 2025 Text Order).  On November 11, 2025, the parties appeared for an initial conference, and the Court ordered them to exchange limited discovery over the next sixty days to participate in mediation.  ECF No. 27 (Nov. 12, 2025 Order).  On December 15, 2025, the Court appointed a mediator for mediation on a yet-to-be determined date sometime in January or February 2026 and stayed the action until mediation could be completed.  ECF No. 30 (Mediation Referral Order).

On December 17, 2025, just two days after the Court stayed the action pending the outcome of mediation, Defendants filed thirty-one counterclaims in a stand-alone document.  ECF No. 31. A series of letters followed regarding the validity of these stand-alone counterclaims and disputes pertaining thereto, as well as requests for extensions of time to set the mediation date as the parties

3

argued various pre-mediation discovery disputes. *See* ECF Nos. 32, 33, 34, 35, 36. Finally, on February 19, 2026, the Court lifted the stay and reset the case management schedule to proceed with merits discovery because the parties were unable to agree on discovery ahead of mediation. ECF No. 54 (Order Lifting Stay); ECF No. 55 (Amended Scheduling Order). The Court also struck the Defendants' counterclaims as improperly filed. ECF No. 56 (Text Order).

Thereafter, on March 18, 2026, Defendants filed an answer with counterclaims. ECF No. 59 (Defs.' Answer). Because Defendants filed an answer while their motion to dismiss remained pending, the Honorable Edward S. Kiel administratively terminated the motion as moot on March 18, 2026, ECF No. 60, and denied Defendants' request for reconsideration on March 24, 2026, ECF No. 62.

In accordance with the operative scheduling order, on April 10, 2026, Plaintiff timely filed its present Motion. ECF No. 66. The proposed amended complaint names all of the original defendants—including both Individual Defendants—and seeks to add twelve more defendants "based on Defendants' claims that there are additional entities responsible for payment of the sums due." ECF No. 67 (Pl.'s Br.) at 1. The proposed amended complaint also adds clarifying factual allegations related to Plaintiff's original claims and to the proposed new defendants.

III. **Standard of Review**

Rule 15(a) governs amendments to pleadings before trial. A party may amend its pleading once as a matter of course within either twenty-one days after serving it; or if the pleading is one to which a responsive pleading is required, the earlier of twenty-one days after service of a responsive pleading or twenty-one days after a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If those deadlines have expired, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

4

The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019); *see also Donovan v. W. R. Berkley Corp.*, 566 F. Supp. 3d 224, 229 (D.N.J. 2021) ("Generally, there is a presumption in allowing the moving party to amend its pleadings."). However, the Court may deny a motion for leave to amend in one of four instances: (1) the amendment would be futile; (2) the moving party has demonstrated undue delay, bad faith, or dilatory motives; (3) the amendment would prejudice the non-moving party; or (4) the moving party was put on notice of deficiencies in its pleading but chose not to resolve them. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) (quotations omitted). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## IV.    Discussion

As stated above, Plaintiff seeks to add twelve new defendants and bolster the allegations made throughout its Proposed Amended Complaint. Defendants nominally oppose amendment on grounds of futility and failure to cure purported deficiencies, arguing that (1) Plaintiff cannot state a claim against the Individual Defendants, and (2) Plaintiff has failed to cure the deficiencies allegedly identified in Defendants' previous motions to dismiss. *See* Defs.' Opp. at 4 (explaining that "[t]he Court can deny an amendment where a party repeatedly refuses to cure the deficiencies in their pleadings" and "[t]he deficiencies were previously outlined in several motions to dismiss[]"); *see also id.* at 4-5 ("[t]he proposed amended Complaint fails to plead a plausible and cognizable claim against Mr. Cairo or Mr. Schneider"). Plaintiff replies that the motion should be granted as to all proposed new Non-Contracting Defendants, as Defendants do not oppose (or so much as mention) this amendment in their opposition brief, and Defendants' remaining arguments as to the Individual Defendants should be denied because they "entirely lack merit" and are

5

inappropriate in this posture.  Pl.'s Reply at 2.

The Court agrees with Plaintiff and will therefore grant its Motion in its entirety. Defendants' sole opposition to Plaintiff's Motion concerns the Individual Defendants already named in the previous iteration of the Complaint.  Defendants offer no opposition to amending the complaint to include all twelve Non-Contracting Defendants, and the Court finds no basis to deny such amendment: there is no suggestion of delay, as Plaintiff timely moved to amend; there is no undue prejudice in allowing the amendment to proceed, given that the parties have only recently begun merits discovery; and the amendments are not futile, because Plaintiff plausibly alleges all elements of each claim.  Accordingly, the Court grants the proposed amendments as to these twelve Non-Contracting Defendants.

As to the Individual Defendants, the Court finds that Defendants' briefing constitutes nothing more than a thinly veiled attempt to renew their motions to dismiss.  Accordingly, their arguments in opposition to amendment are misplaced.  First, the Individual Defendants were named in the Plaintiff's original complaint.  Because there is no proposed amendment adding them as new defendants here, Defendants' opposition to their inclusion in the complaint is improper on a motion to amend.  Second, the only changes to the allegations made against these Individual Defendants in the Proposed Amended Complaint clarify the prior allegations: there are no new allegations or new causes of action raised against these Individual Defendants, and thus no basis on which Defendants can reasonably oppose the proposed amendment.

However, even if the Court were to consider the allegations made against the Individual Defendants as amendments, the Court finds no merit to Defendants' argument that "[t]he Court can deny an amendment where a party repeatedly refuses to cure the deficiencies in their pleadings."  Defs.' Opp. at 4.  In so arguing, Defendants rely on the statement in *Foman v. Davis* that "[i]n the absence of any apparent or declared reason—such as . . . repeated failure to cure

6

deficiencies *by amendments previously allowed* . . . the leave sought should, as the rules require, be 'freely given.'" 371 U.S. 178, 182 (1962) (emphasis added).  However, no such "deficiencies" were ever identified here.  Rather, the present motion constitutes Plaintiff's first motion to amend its Complaint; the Court has never found any deficiencies on this record for it to cure; and Defendants' unilateral identification of deficiencies never considered or found by this Court is irrelevant.

Further, the claims against the Individual Defendants are not futile.  "Futility"—as applied to the amendment of a complaint under Federal Rule of Civil Procedure 15—"means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  Accordingly, the futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010).  Under these standards, a court must accept all factual allegations in a proposed amended complaint as true and view them in the light most favorable to the plaintiff.  *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022).  Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  Moreover, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Here, Defendants repeatedly invite this Court to engage in factual determinations that are inappropriate on a motion to amend where all factual allegations set forth in Plaintiff's Proposed

7

Amended Complaint must be accepted as true.  *See Doe*, 30 F.4th at 342.[3]  Further, Plaintiff plausibly asserts that the Individual Defendants may be held liable because they signed the contracts with Plaintiff on behalf of a non-existent entity.  *See* Proposed Am. Compl. ¶¶ 2, 33, 34; *see Churchill Downs, Inc. v. Ribis*, 499 F. Supp. 3d 82, 91 (D.N.J. 2020) (holding that individuals may be held personally liable for contracts signed on behalf of nonexistent entities); *see also Fashion Brokerage Int'l, LLC v. Jhung Yuro Int'l LLC*, No. 10-746, 2011 WL 976478, at *5 (D.N.J. Mar. 14, 2011) (finding that Plaintiff's allegations were sufficient to state a breach of contract claim against an individual defendant because the individual "knowingly signed [the contract] on behalf of nonexistent principals.").

Finally, Defendants' assertion that "New Jersey Courts will not permit individuals to be sued personally unless they unambiguously manifest an intent[] to guaranty the companies['] contractual indebtedness" is misplaced.  Because Plaintiff alleges that SFA LLC is a non-existent entity, Plaintiff need only plausibly allege that the Individual Defendants signed contracts on its behalf to survive a futility challenge to the proposed amendment.  Plaintiff has done so.  *See* Pl.'s Reply at 9 ("NextEra's theory of liability is that Mr. Schneider and Mr. Cairo held themselves out as agents of a non-existent principal and executed contracts on its behalf, rendering them personally liable as the true contractual counterparties.").  Defendants' arguments as to personal guaranty, intention, and interpretation of the contract are thus inappropriate and irrelevant in this posture and under these facts.[4]

---

[3]  For example, Defendants assert that it "is not plausible that NextEra would contract not once but twice with a 'non-existent legal entity' . . . [r]ather, what is plausible is that NextEra abbreviated the SFA name through sloppy draftsmanship as to the first 'SFA' contract[.]"  Defs.' Opp. at 5.

[4]  The Court similarly disregards Defendants' arguments as to fraud, piercing of the corporate veil, and the economic loss doctrine.  These arguments are misplaced.  Plaintiff does not allege any tort claims, so Defendants' arguments regarding fraud and the economic loss doctrine are inapplicable.  Plaintiff also does not seek to pierce the corporate veil as to the Individual

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Leave to Amend

the Complaint.  An appropriate Order follows.

Dated:  6/23/2026                          s/Elizabeth A. Pascal
                                           ELIZABETH A. PASCAL
                                           United States Magistrate Judge


cc:  Hon. Edward S. Kiel, U.S.D.J.

---

Defendants.  Plaintiff's theory of liability does not rely on any duly organized corporation with a veil to pierce; rather, Plaintiff asserts that the Individual Defendants are liable as signatories on behalf of a non-existent entity.  Accordingly, none of these arguments bears on the Court's analysis.

9